IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | | |
|---|---|---|---|
| LOUIS DALESSANDRIS, individually and on behalf of all other similarly situated, | ) ) ) | | |
| Plaintiff, | ) ) | No._____ | |
| v. | ) ) | FLSA COLLECTIVE ACTION | |
| WESLEY FINANCIAL GROUP, LLC | ) ) | | |
| Defendant. | ) | | |

**FLSA COLLECTIVE ACTION COMPLAINT**

Plaintiff, Louis Dalessandris, individually and on behalf of all other similarly situated, states for his cause of action:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Louis Dalessandris, is a citizen of the State of Nevada currently residing at 2500 Lynnwood Street, Apt. 39, Las Vegas, NV 89109.

2. Defendant, Wesley Financial Group, LLC is a Tennessee limited liability company with its principal office located at 9009 Carothers Parkway, Suite B-3, Franklin, TN 37067-1704. Wesley Financial Group, LLC may be served through its registered agent for service of process, Charles W. McDowell, 9009 Carothers Parkway, Suite B-3, Franklin, TN 37067-1704.

3. Jurisdiction is proper pursuant to 29 U.S.C. §201; 29 U.S.C. §216, 28 U.S.C. §1331 and 28 U.S.C. §1337(a). Venue is proper pursuant to 28 U.S.C §1391 because Defendant transacts business in this district, and it is the location of its principal office and registered agent.

1

4. Plaintiff is a former employee of Defendants and is a covered employee under the FLSA. Defendant is engaged in a commercial enterprise and is a covered employer under the FLSA. In addition to Plaintiff, Defendant employs, and has employed within the last three years, additional similarly situated employees.

**FACTUAL ALLEGATIONS**

5. Wesley Financial Group, LLC is a timeshare cancellation company. People who own timeshares enter contracts with Wesley Financial and pay it a predetermined fee to cancel their timeshare.

6. Plaintiff is a former employee of Wesley Financial. Plaintiff began his employment on September 28, 2021 as a Qualification Specialist earning $12 per hour. Working from his home, Plaintiff would pre-screen individuals to determine if they met Wesley's established criteria to take them on as a client. If they did, Plaintiff would schedule an appointment with one of Wesley Financial's Vice Presidents who would utilize a script to attempt to secure the contract. Plaintiff was paid a commission of $250 for each contract secured for individuals he had determined met the qualification criteria and scheduled.

7. Each one week pay period Plaintiff's gross pay consisted of his hourly rate of $12 per hour for each hour worked, plus his commissions and bonuses earned during that pay period. Plaintiff regularly worked over forty hours per week. The overtime rate paid by Wesley Financial was 1.5 times his hourly rate, or $18 per hour. For example, for the pay period ending July 8, 2022 Plaintiff's payroll records show his gross pay of $2687.40 was calculated as follows:

| Type | Units | Rate | Total | |
|------|-------|------|-------|---|
| Regular | 40 | $12 | $480.00 | |

| OT | 9.3 | $18 | $167.40 | |
|---|---|---|---|---|
| Bonus | | | $40.00 | |
| Commission | | | $2000.00 | |

8. Wesley utilized the above method of calculating overtime for Plaintiff for the duration of his employment which ended July 15, 2022. Upon information and belief Wesley calculates the overtime of all Qualification Specialists in the same manner.

9. Wesley Financial utilized a bonus incentive program whereby a Qualification Specialist would be paid $350 per funded contact per month if his number exceeded 25, and an additional $2000 bonus if he set over 30 Vice President appointments. Plaintiff had 31 funded contracts and 31 set appointments for the month of June 2022, which entitled him to an additional $5100 bonus. Before the bonus was paid, but after it was earned, Wesley Financial unilaterally decided it would not honor the bonus program and refused to pay Plaintiff the $5100 bonus he had earned.

## COUNT I – BREACH OF CONTRACT – INDIVIDUAL CLAIM ONLY

10. Paragraphs 1 through 9 are incorporated herein by reference as though fully set forth.

11. Wesley Financial has breached its contract with Plaintiff by failing to pay him $5100 in bonuses which he earned for June 2022.

## COUNT II – FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME – COLLECTIVE ACTION

12. Paragraphs one through nine are incorporated by reference as though fully set forth.

3

13.  Section 7 of the FLSA provides, in pertinent part: "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce ... or is employed in an enterprise engaged in commerce ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than ***one and one-half times the regular rate*** at which he is employed."  29 U.S.C. § 207(a)(1) (emphasis added).

14.  The regulations define "regular rate."  "The *regular hourly rate* of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109.  "The general overtime pay standard in section 7(a) requires that overtime must be compensated at a rate not less than one and one-half times *the regular rate* at which the employee is actually employed."  29 C.F.R. § 778.107 (emphasis added).

15.  The regulations further provide:

Commissions (whether based on a percentage of total sales or of sales in excess of a specified amount, or on some other formula) are payments for hours worked and *must be included in the regular rate*. This is true regardless of whether the commission is the sole source of the employee's compensation or is paid in addition to a guaranteed salary or hourly rate, or on some other basis, and regardless of the method, frequency, or regularity of computing, allocating and paying the commission. It does not matter whether the commission earnings are computed daily, weekly, biweekly, semimonthly, monthly, or at some other interval. The fact that the commission is paid on a basis other than weekly, and that payment is delayed for a time past the employee's normal pay day or pay period, does not excuse the employer from including this payment in the employee's regular rate.

29 C.F.R. § 778.117 (emphasis added).

16. Plaintiff's hourly rate of pay, bonuses and commissions, must be included in calculating his "regular rate" for each pay period.

4

17.  By calculating Plaintiff's overtime rate of pay using only his hourly wage, Wesley Financial has failed to pay Plaintiff one and one-half times his regular rate in violation of 29 U.S.C. § 207(a)(1).

18.  Plaintiff, on behalf of himself and others similarly situated, brings the following cause of action against the Defendant:  Willful failure to pay overtime compensation in violation of the Fair Labor Standards Act of 1938.

19.  This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees of Defendants are similarly situated to Plaintiff with regard to their wages and damages in that they have been denied overtime compensation for the last three years prior to filing this complaint. Plaintiff is a representative of those other current and former employees and is acting on behalf of their interests as well as his own interests in bringing this action.  Those similarly situated employees are known to Defendants and are readily identifiable and may be located through Defendants' records.  These similarly situated employees may be readily notified of this action and allowed to "opt-in" pursuant to 29 U.S.C. §216(b) for purposes of collectively adjudicating their claims for overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff prays for the following relief:

1.  Authorization to issue notice pursuant to 29 U.S.C §216(b) at the earliest possible time to all current and former employee Qualification Specialists during the three years immediately

preceding the filing of this action informing them that this action has been filed, the nature of the action, and of their right to opt into this lawsuit if they were not paid overtime compensation as required by the FLSA.

2.  A declaratory judgment that Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. §207, as to Plaintiff and similarly situated persons who opt into this action;

3.  A declaratory judgment that Defendants' violations of the FLSA were willful;

4.  An award to Plaintiff and others similarly situated who opt into this action of damages in the amount of unpaid overtime compensation to be proven at trial.

5.  An award to Plaintiff and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C. §216(b);

6.  An award to Plaintiff and others similarly situated who opt into this action of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b);

7.  An award to Plaintiff in the amount of $5100 for breach of contract, and

8.  An award of such other and further legal and equitable relief as may be appropriate.


Respectfully submitted,

*/s/ Mathew R. Zenner*
Mathew R. Zenner (018969)
*ZENNER LAW, PLLC*
320 Seven Springs Way, Suite 250
Brentwood, TN 37027
(615) 425-3476
mrzennerlaw@gmail.com

*Attorney for Plaintiff(s)*