IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LOUIS DALESSANDRIS, On Behalf of Himself and All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>WESLEY FINANCIAL GROUP, LLC,<br><br>*Defendant*. | COLLECTIVE ACTION<br><br>CASE NO. 3:22-cv-00740<br><br>CHIEF JUDGE WAVERLY D. CRENSHAW, JR.<br><br>MAGISTRATE JUDGE BARBARA HOLMES |

**MEMORANDUM OF LAW IN SUPPORT OF THE
UNOPPOSED MOTION FOR SETTLEMENT APPROVAL**

Named Plaintiff Louis Dalessandris, on behalf of himself and the Opt-In Plaintiffs in this collective action (collectively "Plaintiffs") submit this brief in support of their Unopposed Motion for Settlement Approval.

**I.     SUMMARY OF CASE AND PROPOSED SETTLEMENT AGREEMENT**

Named Plaintiff Louis Dalessandris brought this action on behalf of himself and other similarly situated Qualification Specialists of Defendant Wesley Financial Group, LLC.

The case was filed on September 22, 2022, under the Fair Labor Standards Act ("FLSA") to challenge Defendant's pay practices and recover unpaid wages.[1] After extensive negotiation of the parties as to the distribution of Court-supervised notice, Court-supervised notice was issued and 55 Opt-In Plaintiffs, including the Named Plaintiff, asserted their claims in this action.

Plaintiffs' claims in this litigation are that Defendant failed to pay Plaintiffs the proper overtime rate for all hours worked over forty (40) hours in a workweek (*i.e.*, an overtime rate "not

---

[1] Named Plaintiff Louis Dalessandris also brought an individual breach of contract / unjust enrichment claim for unpaid bonus money that he earned in June 2022 and was not paid.

less than one and one-half times" their regular rate of pay for all hours worked over forty (40) hours in a workweek), including uncompensated off-the-clock work time, and that Defendant failed to pay Plaintiffs all earned commissions and bonuses. Defendant denies Plaintiffs' allegations.

The Parties' Settlement Agreement, attached to Plaintiffs' Unopposed Motion as <u>Exhibit 1</u>, includes the following salient provisions:

1. Payments totaling $100,000.00 to Named and Opt-in Plaintiffs for unpaid overtime wages allegedly owed to them under the FLSA (one-half designated as wages and one-half designated as liquidated damages), listed in Exhibit A to the Settlement Agreement;

2. A third-party audit of Defendant's payroll and commission tracking information (at Defendant's expense) to determine whether any Plaintiff did not receive commissions earned prior to the Plaintiffs' separation of employment, and payment of any such unpaid commissions to Plaintiffs within 30 days of the third-party auditor's report on the matter;

3. A payment to Named Plaintiff Dalessandris of $10,000.00 for his service as Named Plaintiff in this action and to resolve his individual claims for unpaid bonus payments; and

4. Payment to Plaintiffs' counsel of $140,000.00 for their fees and advanced costs and expenses incurred in the litigation of this matter at an amount below the amount of fees and expenses actually incurred by Plaintiffs.

The Parties represent that the terms of their Settlement Agreement represent a fair and reasonable compromise of the claims in this action.

II. **THE PARTIES SETTLEMENT IS FAIR AND REASONABLE AND SHOULD BE APPROVED**

Courts review settlements under the FLSA to ensure that they are fair and reasonable. *Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1028 (W.D. Tenn. 2016); *Nutting v. Unilever Mfg. (U.S.) Inc.*, No. 2:14-CV-02239-JPM, 2014 WL 2959481, at *3 (W.D. Tenn. June

2

Case 3:22-cv-00740   Document 71   Filed 09/20/23   Page 2 of 11   PageID #: 295

13, 2014); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Rampersad v. Certified Installation LLC*, No. 1:12-cv-00032, 2012 WL 5906878, at *1 (E.D. Tenn. Nov. 26, 2012). The standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement. *Massiah v. Metroplus Health Plan, Inc.*, No. 11-cv-5669, 2012 WL 5874655, at *5 (E.D.N.Y. Nov. 20, 2012); *Trauth v. Spearmint Rhino Cos. Worldwide*, No. 09-cv-1316, 2012 WL 4755682, at *5 (C.D. Cal. Oct. 5, 2012); *cf. O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) (standards for certification of an FLSA collective action are less stringent than under Rule 23). This is because, unlike in a Rule 23 class action, there are no absent class members in a 216(b) collective action. Rather, in a 216(b) collective action like this one, each Opt-In Plaintiff has affirmatively consented to join the case as a plaintiff and agreed to be bound by any judgment or settlement reached by the Named Plaintiffs and their counsel.

An FLSA settlement need only reflect a reasonable compromise of contested litigation involving a *bona fide* dispute between the parties. *Crawford v. Lexington- Fayette Urban Cty. Gov't*, No. Civ. A. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008) (citations omitted); *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-cv-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012); *Rampersad*, 2012 WL 5906878, at *1; *Kritzer v. Safelite Solutions, LLC*, No. 2:10-cv-0729, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012).

A. **The proposed settlement represents a fair and reasonable compromise of Plaintiffs' claims.**

The proposed settlement represents a fair and reasonable compromise of Plaintiffs' claims. The Parties have several *bona fide* disputes over the issues in this litigation, including, but not

3

limited to: (i) whether the certification[2] and trial of this case as a collective action is appropriate; (ii) whether Defendant's calculation of its Qualification Specialists' overtime rate under the FLSA, 29 U.S.C. § 207, was proper; (iii) whether Defendant paid its Qualification Specialists for all time worked over forty (40) hours in a workweek; (iv) whether Defendant paid its Qualification Specialists all earned commissions and bonuses; and (v) the amount of damages, if any. With these issues in mind, the parties engaged in informal discovery focused on the necessary exchange of information to allow each side to assess the strengths and weakness of Plaintiffs' claims. Armed with that information, the parties engaged in mediation that was facilitated by Michael Russell, an experienced mediator in wage and hour collective action litigation. In light of the considerable risk, cost, and uncertainty of continued litigation, the Parties submit that their Settlement Agreement should be approved by the Court as being fair and reasonable.

Importantly, the formula used by the Plaintiffs' counsel to calculate each Opt-In Plaintiffs' FLSA damages was based on information exchanged during discovery and reflects a data-driven compromise of the disputed factual issues in the case. The central dispute in this case was whether Defendant properly calculated its Qualification Specialists' regular rate of pay for overtime purposes. While Defendant denies any liability, Defendant's miscalculation of Named and Opt-In Plaintiffs' overtime rate is evident on Plaintiffs' pay statements and on Plaintiffs' pay and time data produced by Defendant. Thus, at mediation, much of the remaining issues surrounded Defendant's 7(i) overtime exemption defense, and willfulness and the precise amount of damages for a third-year recovery under the FLSA, which is contingent on a willfulness finding.

---

[2] Plaintiffs note this case was filed pre-*Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023) when the word "certification" was the commonly accepted term for this type of action. Plaintiffs also note that the Parties in this action reached a joint stipulation for Court-authorized notice to putative collective action members. *See* Doc. Nos. 27 and 30.

Recognizing the uncertainties and risks inherent in litigation, Plaintiffs and Defendant ultimately reached a compromise that pays the Named and Opt-In Plaintiffs $100,000.00 for their FLSA claims.

Based on the pay and time data provided to Plaintiffs by Defendant, this amount represents more than 90% of the unpaid wages the Named and Opt-In Plaintiffs could have recovered for their three-year FLSA statute of limitations had they prevailed on their theory that they should receive all unpaid overtime wages in every workweek they worked during that time period, plus credit for approximately ten (10) minutes of unpaid off-the-clock work per workday. Given all of the risks associated with Plaintiff's claims, including the Court granting Defendant's dispositive motions, the Court granting the Defendant's motion for decertification[3], the high burden of proving that Defendant's violations were willful, and the Court or jury finding that Plaintiff had not proven unpaid, off-the-clock damages for all workweeks, Plaintiff and his counsel submit that the secured settlement represents a fair and reasonable resolution of Plaintiffs FLSA claims.

Likewise, the other terms of the Settlement Agreement are the product of innovative, good faith, arms-length negotiations during a day-long mediation attended by the Parties and their counsel. For example, the second major dispute in this case was whether Defendant paid its Qualification Specialists all of their earned commissions and bonuses. Defendant adamantly denies any wrongdoing under either a supplemental state law breach of contract and/or unjust enrichment theory. However, Defendant has agreed to permit a third-party auditor to review Defendant's payroll and commission tracking information, at Defendant's expense, to determine whether any Named or Opt-In Plaintiff did not receive any of their earned commissions prior to the Plaintiffs'

---

[3] Or the equivalent-named action post-*Clark* that would effectually request trial of this case if a collective action be deemed inappropriate.

5

separation of employment with Defendant. Under the Settlement Agreement, the auditor will submit a report to the Parties with their findings. Any payments the auditor determines any Plaintiff is owed for any commissions earned prior to the Plaintiffs' separation of employment with Defendant will be paid by Defendant within thirty (30) days of the auditor's issuance of such report. Both Defendant's and Plaintiffs' counsel agree to work together to mutually agree and select this third-party auditor. The use of a third-party auditor is fair and reasonable because it will result in Plaintiffs recovering the full amount of any commission payment(s) they earned prior to their separation of employment with Defendant. Given all of the risks associated with Plaintiff's supplemental state law claims, including, for example, the high burden of proving that Plaintiffs' ability to earn a commission did not cease after Plaintiffs separation of employment with Defendant, Plaintiff and his counsel submit that the third-party auditor provision of the settlement represents a fair and reasonable resolution.

Additionally, the payment allocated in the Settlement Agreement for Named Plaintiff Louis Dalessandris for his service as a representative plaintiff and to resolve his individual claims is fair and reasonable. Named Plaintiff Louis Dalessandris is receiving separate consideration of up to $10,000.00 as a service payment for his substantial efforts on behalf of the Opt-In Plaintiffs and his assistance to counsel, and for the release of the individual claims he raised. Named Plaintiff's efforts in this case were substantial. He spoke extensively with counsel during the investigation stage of this case prior to the filing of the initial complaint in this case. *See* Declaration of David Garrison at ¶¶ 16-17. Named Plaintiff also worked to ensure that others with whom he was in contact with that had expressed a desire to join with him in this collective action received the necessary information from Plaintiffs' counsel to join the case. *See* Declaration of David Garrison at ¶ 17. Named Plaintiff participated in mediation preparation and the mediation remotely, which

6

resulted in the proposed settlement for the Court to consider. *See* Declaration of David Garrison at ¶ 17.

Under such circumstances, courts routinely approve similar service payments in line with what the Settlement Agreement here would provide for Named Plaintiff Louis Dalessandris. *Johnson v. Midwest Logistics Sys., Ltd.*, No. 2:11-cv-1061, 2013 WL 2295880, at *5 (S.D. Ohio May 24, 2013) (approving service payment of $12,500 to the named plaintiff in FCRA case where class members received either $260 or 1,000 each, finding "that the incentive award does not undermine the fairness of the settlement"); *Dallas v. Alcatel-Lucent USA, Inc.,* No. 09-14596, 2013 WL 2197624, at *11 (E.D. Mich. May 20, 2013) (incentive payments justified where plaintiffs "responded to discovery requests, including document productions; participated in many conferences with Plaintiffs' counsel; and took the risk of joining this litigation at an early stage"); *Brent v. Midland Funding, LLC*, 2011 WL 3862363, at *15 (N.D. Ohio Sept. 1, 2011) (finding incentive payments justified).

Named Plaintiff's substantial efforts, and the outcome achieved as a result of those efforts, justifies his service payment.

**B.     The proposed settlement provides for a payment of Plaintiffs' attorneys' fees and expenses that is fair and reasonable.**

The settlement of Plaintiffs' attorneys' fees and expenses for $140,000.00 represents roughly a payment of 90% of the lodestar accrued in this litigation and the costs and expense incurred in this litigation. *See* Declaration of David Garrison at ¶ 8. Put differently, Defendant has agreed to pay a sum, which is roughly eighty-seven percent (87%) of the fees incurred by Plaintiffs' counsel during the course of this litigation. *Id.* The FLSA's fee-shifting language provides that a prevailing plaintiff shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b). "Indeed, an 'award of attorneys' fees under the FLSA is mandatory . . . ..'"

7

*Thompson v. United Stone, LLC*, No. 1:14-cv-224, 2015 WL 867988, at *2 (E.D. Tenn. Mar. 2, 2015) (citations omitted). "[T]he purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir.1984)).

The starting point in calculating a "reasonable" attorney fee is typically the determination of the fee applicant's "lodestar," which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Here, Plaintiff's counsel's actual fees through the date of this filing, based on the number of hours expended multiplied by the attorneys' regularly hourly billing rates is $152,706.50. *See* Declaration of David W. Garrison at ¶ 8. This is based on 407.7 hours billed by Plaintiffs' attorneys and professional staff at hours approved by this Court for this type of litigation. *See* Declaration of David W. Garrison at ¶ 9.

Plaintiff has also incurred expenses totaling $7,274.35 as of the date of this filing. *See* Declaration of David W. Garrison at ¶ 8. In total, Plaintiffs have incurred a total of $159,980.85 in fees and expenses in this matter. *Id.* Accordingly, the proposed payment of $140,000.00 for attorneys' fees and expenses would therefore "not produce [a] windfall[]" to Plaintiff's counsel and confirms its reasonableness. *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (citations omitted). In fact, it represents a compromise of the fees that Plaintiffs could have expected to recover had this litigation proceeded through trial.

Plaintiffs' counsel's fees are based on hourly rates that are reasonable. Whether an hourly

rate is reasonable should be considered in the context of "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *see also Monroe v. FTS USA, LLC*, No. 2:08-cv-2100, 2014 WL 4472720 at *9 (W.D. Tenn. July 28, 2014) (noting, in the FLSA context, that an attorney's reasonable hourly rate should begin with an assessment of the "prevailing market rate"). The hourly rates billed by each of the attorneys who worked on this case and for whom compensation is sought are reflected in the declaration of undersigned counsel. *See* Declaration of David W. Garrison at ¶ 10. The hourly rates, upon which Plaintiffs' counsel's lodestar is based, are reasonable. Indeed, the hourly rate structure used by Barrett Johnston Martin & Garrison, PLLC has been approved by this Court in this very type of litigation. *See* Declaration of David W. Garrison at ¶ 11. Moreover, the rate applied for Matthew Zenner's time is the same as Mr. Garrison's time, though Mr. Zenner has practiced longer than Mr. Garrison. *See* Declaration of David W. Garrison at ¶ 12.

As the Supreme Court has held, "there is a 'strong presumption' that the lodestar figure is reasonable[.]" *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010); *see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986), *supplemented*, 483 U.S. 711 (1987) ("A strong presumption that the lodestar figure—the product of reasonable hours times a reasonable rate—represents a 'reasonable' fee is wholly consistent with the rationale behind the usual fee-shifting statute . . . ."); *McCutcheon*, 2013 WL 4521016, at *1 (citation omitted) ("[T]here is "a 'strong presumption' that the lodestar 'represents a reasonable fee.'"); *Mathis v. Wayne Cty. Bd. of Educ.*, No. 1:09-cv-0034, 2011 WL 3320966, at *8 (M.D. Tenn. Aug. 2, 2011) (Trauger, J), *aff'd*, 496 F. App'x 513 (6th Cir. 2012) ("If the requested fee is essentially in line with the 'lodestar,' then there is a strong presumption that the requested fee is reasonable and recoverable.") (footnote omitted).

9

Given the reasonableness of Plaintiff's counsel's hourly rates and hours expended, the strong presumption that the lodestar represents a reasonable fee confirms the reasonableness of the fee request. Therefore, Plaintiffs' Counsel respectfully submits the requested fee and expense award – a *substantial* compromise of their fees incurred in this case – is fair and reasonable and should be approved.

### III. CONCLUSION

For the reasons stated above, Plaintiffs submit that the Court should approve all aspects of the Settlement Agreement as fair and reasonable, and enter the proposed order attached to their Motion approving the settlement and dismissing this case with prejudice.

Dated: September 20, 2023                    Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (No. 24968)**
**JOSHUA A. FRANK (No. 33294)**
**NICOLE A. CHANIN (No. 40239)**
BARRETT JOHNSTON MARTIN & GARRISON, PLLC
200 31st Avenue North
Nashville, TN 37203
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com

**MATTHEW R. ZENNER (No. 018969)**
ZENNER LAW, PLLC
320 Seven Springs Way, Suite 250
Brentwood, TN 37027
Telephone: 615.425.3476
mrzennerlaw@gmail.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of this *Memorandum of Law in Support of the Unopposed Motion for Settlement Approval* was filed electronically with the Clerk's office by using the CM/ECF system and will be served via the Court's ECF system on the following counsel for Defendant as listed below on September 20, 2023:

**Benjamin P. Lemly**
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Suntrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: (615) 254-1900
Facsimile: (615) 254-1908
benjamin.lemly@ogletree.com

**Jeff S. Mayes**
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, TX 77002
Telephone: (713) 655-0855
Fax: (713) 655-0020
jeffrey.mayes@ogletree.com

*Attorneys for Defendant*

/s/ David W. Garrison
DAVID W. GARRISON
**BARRETT JOHNSTON MARTIN &
GARRISON, PLLC**